UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  )
AGUDAS CHASIDEI CHABAD           )
OF UNITED STATES,                          )
                                                  )
         *Plaintiff*,                        )
                                                  )
         v.                                      )    Case No. 1:19-mc-0146-RCL
                                                  )
RUSSIAN FEDERATION; RUSSIAN   )    Main Action:
MINISTRY OF CULTURE AND MASS )    Case No. 1:05-cv-01548-RCL
COMMUNICATION; RUSSIAN STATE )
LIBRARY; and RUSSIAN STATE        )
MILITARY ARCHIVE,                        )
                                                  )
         *Defendants.*                    )
_____)

**PLAINTIFF'S RESPONSE TO THIRD-PARTY VEB.RF'S
NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 46)**

State Development Corporation VEB.RF's ("VEB's") efforts to evade enforcement of a simple subpoena have reached a new level. Not content with having filed and fully briefed a motion to quash the subpoena (including oral argument and a supplemental round of briefing), VEB has also sought to re-open this Court's judgments against the Russian Federation and other defendants, and for leave to file an interlocutory appeal.

VEB now contends that its position finds support in a recent D.C. Circuit decision, *Process & Indus. Devs. Ltd. v. Fed. Rep. of Nigeria*, No. 18-7154, 2020 WL 3393452 (D.C. Cir. June 19, 2020) (*"P&ID"*).[1] *P&ID* concerned the district court's treatment of Nigeria's sovereign immunity claim. The appellate court held that such claims must be decide "as early in the litigation as possible," so as to ensure that an entity entitled to sovereign immunity can avoid

---

[1] Notice of Supplemental Authority in Support of Non-Party State Development Corporation VEB.RF's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) ("Notice").

the burdens of further litigation.  Notice at 1, 2.  VEB says that *P&ID* "is relevant to VEB's request to have its immunity defense conclusively addressed, including by the D.C. Circuit Court of Appeal, before being forced to bear the burden of discovery."  *Id.* at 2.

*P&ID* is irrelevant to any pending matter for at least four reasons.

*First*, neither this Court nor the D.C. Circuit ignored the sovereign immunity issue at the outset of this case.  The Russian Federation and the other defendants asserted a sovereign immunity defense.  This Court rejected the defense in part, and the D.C. Circuit rejected it in full.  No party involved in this litigation has grounds to complain that any judge involved in this case has failed to address the defendants' immunity arguments "as soon in the litigation as possible."

*Second,* as to VEB, it did not assert a sovereign immunity defense in its initial motion to quash, s*ee* ECF 4, or in its Supplemental Memorandum in support of its motion to quash.  *See* ECF 28.  Did this Court run afoul of *P&ID* when it denied VEB's motion?  No – for the simple reason that the Court was not obligated to address a sovereign immunity defense that VEB didn't raise.

*Third,* even after this Court denied VEB's motion to quash, VEB *still* did not move to set aside this Court's order on sovereign immunity grounds.  Instead, VEB filed a "me-too" notice purporting to align VEB with a motion filed by another party, Tenex-USA.  ECF 40.  But Tenex-USA's immunity arguments are based on its own facts and circumstances, not VEB's.  Once again, VEB side-stepped a full-throated presentation of an immunity defense. And once again, *P&ID* offers no support to parties that dodge the sovereign immunity issue.

*Fourth,* VEB asserted its own sovereign immunity defense for the first time in its motion for leave to file an interlocutory appeal.  *See* ECF 45 at 5 (asserting that VEB is entitled to sovereign immunity).  According to VEB, *P&ID* lends weight to that motion, because the court

2

of appeals should be given the chance to rule on the issue. But *P&ID* says nothing about whether a party, like VEB in this case, is entitled to bootstrap its way into an interlocutory appeal by raising a belated immunity defense.

In short, VEB says that it is entitled to file an appeal because this Court did not address an issue that VEB never raised. Nothing in *P&ID* calls for such a bizarre procedure. The pending motions filed by the third-party subpoena recipients should be denied for reasons previously briefed.

                                                                     Respectfully submitted,

Dated: July 2, 2020              By:  */s/ Robert P. Parker*
                                                              Steven Lieberman (D.C. Bar No. 439783)
                                                              Robert Parker (D.C. Bar No. 404066)
                                                              ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                                                              607 14th St., N.W., Suite 800
                                                              Washington, DC 20005
                                                              Phone: 202-783-6040
                                                              Facsimile: 202-783-6031
                                                             Emails: slieberman@rfem.com
                                                                            rparker@rfem.com

                                                             *Counsel for Agudas Chasidei Chabad of United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2020, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO THIRD-PARTY VEB.RF'S NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 46)** was served by electronic mail on the following counsel of record:

Nathan Michael Swinton
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, N.W.
Room 7218
Washington, DC 20530
Email: nathan.m.swinton@usdoj.gov

Benjamin Thomas Takemoto
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, DC 20044
Email: benjamin.takemoto@usdoj.gov

*Counsel for the United States of America*


Carolyn Beth Lamm
Francis A. Vasquez, Jr.
WHITE & CASE LLP
701 Thirteenth Street, N.W., 11th Floor
Washington, DC 20005
Emails: clamm@whitecase.com
fvasquez@whitecase.com

*Counsel for Tenex-USA Inc.*

David Y. Livshiz
Timothy P. Harkness
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Emails: david.livshiz@freshfields.com
timothy.harkness@freshfields.com

*Counsel for State Development Bank VEB.RF*


I further certify that on this 2nd day of July, 2020, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO THIRD-PARTY VEB.RF'S NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 46)** was served by First-Class International Mail, through the U.S. Postal Service, on the following parties:

Ministry of Justice of the Russian Federation
Attn: Hon. Alexander Konovalov, Minister
14 Zhitnaya Street
GSP-1 Moscow, Russia 119991

Ministry of Culture of the Russian Federation
Attn: Hon. Vladimir Medinsky, Minister
7/6 Bldg. 1/2, Malyy Gnezdnikovsky Pereulok
Moscow, Russia 125993

Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admiral Makarov Street
Moscow, Russia 12512

Russian State Library
Attn: Vadim Valerievich Duda, General Director
3/5, Vozdivhenka Street
Moscow, Russia 119019


*/s/ Erik van Leeuwen*
Erik van Leeuwen
Litigation Operations Coordinator
Rothwell, Figg, Ernst & Manbeck, P.C.

2