IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES,<br><br>         Plaintiff,<br><br>    v.<br><br>RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE,<br><br>         Defendants. | Civil Action No. 1:19-mc-00146-RCL |

**NOTICE OF APPEAL**

Third-party subpoena target State Development Corporation VEB.RF ("VEB") hereby gives Notice that it appeals to the United States Court of Appeals for the District of Columbia Circuit from this Court's Order dated July 28, 2020 [ECF No. 48] ("Order") denying VEB's foreign sovereign immunity defense under the Foreign Sovereign Immunities Act ("FSIA") and refusing to certify for interlocutory appeal this Court's December 20, 2019 Order [ECF No. 32] ("December 20 Order") that denied VEB's Motion to Quash thus requiring VEB to comply with Plaintiff Agudas Chasidei Chabad of United States' ("Chabad") subpoena, dated March 26, 2019, and from the December 20 Order which was implicated therein.

In this miscellaneous action, Chabad has served a third-party subpoena on VEB, an instrumentality of the Russian Federation under the FSIA, 28 U.S.C. §§ 1603 et seq. After the Court failed to consider its subject matter jurisdiction in evaluating VEB's motion to quash in its December 20 Order, VEB sought certification of the December 20 Order, asserting, *inter alia*, that the Court lacked subject matter jurisdiction to issue a subpoena to VEB, and therefore lacked

subject matter jurisdiction to compel VEB's compliance, under the FSIA.  See Statement P. & A. Supp. Mot. for Certification, 9-15, ECF No. 37-1.  The Court denied VEB's motion finding that it had previously ruled on all of VEB's arguments.  See Order ("The merits of VEB's motion have already been considered and rejected by this Court.").  However, the Court has not—in any ruling or at any time—ruled on VEB's sovereign immunity defense and in denying VEB's Motion for Certification this Court effectively rejected VEB's sovereign immunity defense with no explanation.

The Orders therefore effectively abrogate VEB's sovereign immunity from this Court's jurisdiction, i.e. immunity "from trial and the attendant burdens of litigation."  Process & Indus. Developments Ltd. v. Fed. Republic of Nigeria, 962 F.3d 576, 581 (D.C. Cir. 2020) (internal quotation omitted); Kilburn v. Socialist People's Libyan Arab Jamahiriya, 376 F.3d 1123, 1126 (D.C. Cir. 2004) ("[S]overeign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits.") (internal quotation omitted); see also Butler v. Sukhoi Co., 579 F.3d 1307, 1311 (11th Cir. 2009) ("Inasmuch as the order on appeal required appellants to answer the complaint and called for discovery, it denied them immunity from suit under the FSIA.") (internal citation omitted).  Thus, as a denial of jurisdictional immunity under the FSIA, the Orders are immediately appealable pursuant to the collateral order doctrine.  Process & Indus. Developments Ltd., 962 F.3d at 581 (applying collateral order doctrine to district court's order requiring a foreign sovereign to present its immunity and merits arguments in opposition to petition to confirm foreign arbitral award); Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co., 137 S. Ct. 1312, 1317 (2017) ("[C]onsistent with foreign sovereign immunity's basic objective, namely, to free a foreign sovereign from suit, the court should normally . . . reach a decision about immunity as near to the outset of the case as is

reasonably possible"); see also Princz v. Fed. Republic of Germany, 998 F.2d 1, 1 (D.C. Cir. 1993) ("A district court's denial of a foreign state's motion to dismiss on grounds of sovereign immunity is immediately appealable.").[1]

This Notice divests this Court of jurisdiction to continue proceedings in connection with the subpoena Chabad served on VEB, and these proceedings are effectively stayed, pending the Court of Appeals' resolution of VEB's appeal from the denial of its jurisdictional immunity under the FSIA. See Princz, 998 F.2d at 1 (denying appellant's emergency stay of proceedings pending appeal as unnecessary); Azima v. RAK Inv. Auth., No. 16-cv-1948 (KBJ), 2018 WL 7982473, at *2 (D.D.C. Nov. 5, 2018) ("[B]ecause the pending appeal involves the threshold issue of foreign sovereign immunity, . . . appeal has divested this Court of jurisdiction over the entire case, and thus the Court is without power to grant . . . motion to order third parties to preserve evidence."); Tatneft v. Ukraine, No. 17-cv-582-CKK, 2018 U.S. Dist. LEXIS 152356, at *2 (D.D.C. May 2, 2018); see also In re Socialist People's Libyan Arab Jamahiriya, No. 04-7038, 2004 U.S. App. LEXIS 7244, at *1 (D.C. Cir. Apr. 13, 2004) (granting writ of mandamus requiring the district court to halt "any and all proceedings" pending resolution of an appeal from a denial of foreign sovereign immunity).

---

[1] In the unlikely event that the Court of Appeals finds that it lacks jurisdiction to consider VEB's appeal of the Order and/or the December 20 Order, VEB will respectfully request that that this appeal be treated as a petition for a writ of mandamus.

Dated: August 25, 2020

                                                Respectfully submitted,

                                                */s/  David Y. Livshiz*
                                                Timothy P. Harkness (D.C. Bar No. NY0331)
                                                David Y. Livshiz (D.C. Bar No. NY0269)
                                                FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                                601 Lexington Avenue
                                                31st Floor
                                                New York, New York 10022
                                                Telephone:       212 277 4000
                                                Facsimile:        212 277 4001

                                                *Attorneys for State Development Corporation VEB.RF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the following:

>Steven Lieberman (D.C. Bar No. 439783)
>Daniel McCallum (D.C. Bar No. 404066)
>Robert P. Parker (D.C. Bar No. 1006938)
>ROTHWELL, FIGG, ERNST & MANBECK, P.C.
>607 14th Street, NW
>Suite 800
>Washington, DC 20005
>Tel: (202) 783-6040
>Fax: (202) 783-6031
>Email: slieberman@rfem.com
>Email: dmccallum@rfem.com
>Email: rparker@rfem.com


>By: /s/ *David Y. Livshiz*
>Timothy P. Harkness (D.C. Bar No. NY0331)
>David Y. Livshiz (D.C. Bar No. NY0269)
>FRESHFIELDS BRUCKHAUS DERINGER US LLP
>601 Lexington Avenue
>31st Floor
>New York, New York 10022
>Telephone:     212 277 4000
>timothy.harkness@freshfields.com
>david.livshiz@freshfields.com
>
>*Attorneys for State Development Corporation VEB.RF*

I further certify that on August 25, 2020, a true and correct copy of the foregoing NOTICE OF APPEAL by VEB.RF was served by commercial mail service, on each of the following parties:

Ministry of Justice of the Russian Federation
Attn: Hon. Konstantin Chuychenko, Minister
14 Zhitnaya Street
GSP-1 Moscow, Russia 119991

Ministry of Culture of the Russian Federation
Attn: Hon. Olga Lyubimova, Minister
7/6, Bldg. 1,2 , Malyy Gnezdnikovskiy Pereulok

Moscow, Russia 125993
Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admiral Makarov Street

Moscow, Russia 12512
Russian State Library
Attn: Vadim Valerievich Duda, General Director
3/5, Vozdvizhenka Street, 2nd Entrance
Moscow, Russia 119019

By: /s/ *David Y. Livshiz*
Timothy P. Harkness (D.C. Bar No. NY0331)
David Y. Livshiz (D.C. Bar No. NY0269)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
Telephone:      212 277 4000
timothy.harkness@freshfields.com
david.livshiz@freshfields.com

*Attorneys for State Development Corporation VEB.RF*